(No. 86-CC-2498–■■■■■■■■■■

DAVID FOSTER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed September 7, 1990.*

*Order on denial of petition for review filed May 16, 1991.*

ANTHONY F. MANNINA, for Claimant.

ROLAND W. BURRIS, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Raucci, J.

This claim involves an incident which occurred on June 27, 1985, at the Secretary of State's facility in Naperville, Illinois. The Claimant, David Foster, arrived at that location for the purpose of taking the motorcycle licensing exam. He arrived with a friend, Mr. Greg Bean. Mr. Bean drove David Foster to that location on Mr. Foster's motorcycle, a Nighthawk 550. The "550" reflects the size of the engine. The wheel base on the motorcycle was approximately three to four feet, axle to axle. After taking a written test, the Claimant went to the parking lot in order to take the performance test on his motorcycle. While taking the test, David Foster's motorcycle struck a steel post that was located immediately adjacent to the test area. He struck his kneecap directly on the post, causing his knee to be dislocated. He was taken from the scene by ambulance to Edwards Hospital and treated at the emergency room. The next day he began treatment with an orthopedic specialist.

The Claimant's position is that the placement of the steel post on or near the motorcycle test area constituted a risk which should have been foreseeable to the Re-

spondent. It is the Respondent's position that the posts were not a risk to the test-takers and that Claimant caused his own injuries by attempting the test on a motorcycle which was beyond his capabilities as an operator.

Claimant was injured while exercising a U-turn on his motorcycle under the direction of Mr. Albert Pavesi, a State employee. While there is a factual dispute with regards to the location of the pole which Mr. Foster eventually struck, even taking the State's evidence in its best light, these poles were located only two feet from the boundaries of the course. In effect, what you have are non-flexible steel posts two feet from the border of a motorcycle course upon which (inexperienced) people take their motorcycle licensing exam. It is certainly foreseeable that a portion of the people who attempt to take this exam are going to fail. One of the ways by which they can fail is to be physically unable to handle the motorcycle during the course of the test. That is clearly what happened in this case. The State's witnesses indicated that the Claimant should not have been operating this motorcycle in the first place and that the Claimant was not sufficiently experienced to operate this motorcycle. That explanation is precisely the reason for the test. Mr. Foster is no doubt not the first individual who has failed to control a motorcycle during the State examination, and the people who set up the course knew or should have known that a margin of error of only two feet is not sufficient.

The Claimant suffered a dislocation of the knee. He lost approximately two thousand dollars in wages as a result of his disability. He was treated at an emergency room facility, released and was subsequently treated by an orthopedic physician.

However, the Claimant is not without fault in this matter. His attempt to pass this test on a motorcycle he could not control contributed to the accident. In fact, he was injured while performing one of the simpler tasks required during the exercise testing. Claimant could have used a smaller motorcycle to perhaps pass the exam.

Taking into consideration the Claimant's contribution to this incident, it is hereby ordered that the Claimant be, and hereby is, awarded $4,250.00 in full and complete satisfaction of the claim.

## ORDER ON DENIAL OF PETITION FOR REVIEW

RAUCCI, J.

This cause coming to be heard on Claimant's petition for review, and Respondent's response thereto, due notice having been given the parties, and the Court being duly advised in the premises;

It is hereby ordered that Claimant's petition for review is denied, with prejudice.